**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS HOWELL,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-0954** |
| v. | : | **(CALDWELL, D.J.)** |
| | | **(MANNION, M.J.)** |
| **SHANE WILSON, KATHY BOWERS, KEN WINGO, JOHN TOROK, KEN SAULEY, and ROBERT PATINKA,** | : : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

Pending before the court is the defendants' unopposed motion to strike certain of the plaintiff's claims for relief in his original and amended complaints. (Doc. No. 17).

By way of background, on May 10, 2005, the plaintiff, a former inmate at the Potter County Prison[1], filed the instant civil rights action pursuant to 42 U.S.C. §1983. (Doc. No. 1). On May 16, 2005, the plaintiff filed an "amended complaint[2]." (Doc. No. 4).

On May 23, 2005, the plaintiff filed the appropriate application to proceed in forma pauperis, (Doc. No. 6), and authorization form, (Doc. No. 7). As a

---

[1] The plaintiff has since been released from the Potter County Jail, and is currently residing at 207 Second Street, Apt. #1, Harrison Valley, Pennsylvania.

[2] Although titled an amended complaint, the plaintiff's filing is actually a supplemental complaint which alleges events having occurred after the filing of his original complaint. As the parties refer to this document as an "amended" complaint, for the sake of clarity, the court will do the same.

result, a financial administrative order was issued on the following day. (Doc. No. 8).

By order dated May 25, 2005, it was directed that process issue. (Doc. No. 9).

On May 31, 2005, the plaintiff filed a motion to amend his complaint, (Doc. No. 10), which was granted by order dated June 6, 2005, (Doc. No. 13).

On July 18, 2005, the defendants filed the instant motion to strike, (Doc. No. 17), along with a brief in support thereof, (Doc. No. 18).  As of the date of this report, the plaintiff has failed to file a brief in opposition to the defendants' motion to strike. Pursuant to L.R. 7.6, the defendants' motion is deemed unopposed.  However, because of the plaintiff's pro se status, the motion will be given a merits review pursuant to Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991).

In his original complaint, the plaintiff alleges that he was admitted to the Potter County Jail as a pre-trial detainee.  On May 2, 2005, the plaintiff alleges that defendant Wilson placed him in "lock down" status for a disciplinary infraction which the plaintiff alleges he did not commit.  According to the plaintiff, he remained in lock down for a period of twenty-four (24) hours, during which he was denied privileges. The plaintiff alleges that he did not receive a hearing as required by the Inmate Handbook prior to being placed in lock down and being denied privileges.  The plaintiff further alleges that his placement in lock down was in retaliation for his filing a lawsuit against defendants Sauley and Patinka.

The plaintiff alleges that he filed a grievance with respect to being placed in lock down, to which defendant Patinka responded on May 3, 2005, that the actions of defendant Wilson were proper.

Based upon these allegations, the plaintiff alleges that he was denied his rights under the Potter County Jail's policy and under the United States Constitution. Because of these violations, the plaintiff alleges that he "has suffered great emotional distress from the actions/inactions of the [defendants] and has suffered substantially in the deprivation of rights, fear of retaliation for the assertion of rights and callous disregard of the [defendants] for the welfare and well being of [plaintiff]."

The plaintiff seeks the following forms of relief in his original complaint:

> A) A declaration that the rights as set forth to inmates of Potter County jail in the handbook thereof may not be removed without due process of law and are affirmed, and an order preventing abuse.
>
> B) $5000.00 for the 24 hours [plaintiff] was "locked down" without privilages (sic).
>
> C) A program set into place for the correctional officers in Potter County to the awareness of inmate's rights and the fair treatment thereof.
>
> D) $1000.00 for each violated right both as established under the Potter County Handbook and Constitution and statutes.
>
> E) Any other relief this Honorable Court deems just.

(Doc. No. 1, pp. 5-6).

In his amended complaint, the plaintiff alleges that, subsequent to the filing

of the instant action, on May 12, 2005, he was placed in administrative segregation by defendants Patinka and Wilson in retaliation for having filed a grievance complaining about the "mass punishment of inmates, the removal of privileges, for the actions of a few inmates, without hearing or investigation." (Doc. No. 4, p. 1). The plaintiff further alleges that he is a "jailhouse lawyer" and that the placement of inmates in segregation denies them access to him for assistance and/or consultation on legal matters.

Based upon these allegations, the plaintiff alleges that he "has suffered great emotional and physical stress, pain and suffering by [defendants'] actions herein stated." (Doc. No. 4, p. 2). As a result, in addition to the relief he is seeking in his original complaint, the plaintiff is also seeking:

> A) $10,000.00 for each right violated.
>
> B) A declaration/order of court outlining [plaintiff's] right as a jailhouse lawyer and inmate's right to consult and have assistance from such jailhouse lawyer.
>
> C) $1000.00 per each day [plaintiff] is held in segregation.
>
> D) A declaration/order directing [defendants] to cease and decist (sic) in the punishment of [plaintiff] for the exercise of his rights.

(Doc. No. 4, p. 3).

As an initial matter, the court notes that federal court jurisdiction is limited to the review of "actual cases or controversies." U.S.Const.art.III, s 2; <u>Weaver v. Wilcox</u>, 650 F.2d 22, 26 (3d Cir. 1981)(citing <u>United States Parole</u>

Commission v. Geraghty, 445 U.S. 388, 396-97 (1980); O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974)).  Moreover, the case or controversy must be a continuing one and be "live" at all stages of the proceeding.  Id. (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975); Roe v. Wade, 410 U.S. 113, 125 (1973)).  As a result, it has long been recognized that where a prisoner is transferred from an institution and is no longer subject to the condition complained of at the time of his complaint, he lacks standing to seek injunctive relief.  See Allah v. Seiverling, 229 F.3d 220 (3d Cir. 2000)(citing Weaver v. Wilcox, supra. (citations omitted)).

In this case, since the plaintiff has been released from the Potter County Jail, he lacks standing to seek injunctive or declaratory relief based upon his claims relating to his confinement there.

Of course, while the plaintiff's transfer from the Potter County Jail would moot his claims for injunctive and declaratory relief, it would not moot any claim by the plaintiff for damages.  See Weaver v. Wilcox, 650 F.2d at 26 (citing Wycoff v. Brewer, 572 F.2d 1260, 1262 (8th Cir. 1978); Franklin v. Fortner, 541 F.2d 494, 496 (5th Cir. 1976); Rhodes v. Bureau of Prisons, 477 F.2d 347 (5th Cir. 1973); United States ex rel Jones v. Rundle, 453 F.2d 147, 150 (3d Cir. 1971)).

To this extent, the defendants have filed the instant motion to strike. In their motion, the defendants argue that the plaintiff's requests for compensatory damages, specifically subparagraphs (B) and (D) of paragraph 27 in the original

5

complaint and subparagraphs (A) and (C) of paragraph 10 in the amended complaint, should be stricken without leave to amend.

Initially, the defendants argue that Section 7(e) of the Civil Rights of Institutionalized Persons Act, ("CRIPA"), 42 U.S.C. §1997e(e) bars the plaintiff's claims for compensatory damages because the plaintiff has alleged emotional injury without any accompanying physical injury. (Doc. No. 18, pp. 4-5).

Title 42 U.S.C. §1997e(e) provides:

> [n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

This section applies only to claims for compensatory damages, as "[c]laims seeking nominal or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003)(citations omitted). Thus, the physical injury requirement will not preclude any claims by the plaintiff for nominal or punitive damages.

In this case, the plaintiff has not specified whether his claims for relief are for compensatory, nominal or punitive damages. Giving the plaintiff the leeway he is entitled to as a pro se litigant, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, it would appear that only subparagraph (B) of paragraph 27 of the plaintiff's original complaint and subparagraph (C) of paragraph 10 of the plaintiff's amended complaint are for compensatory damages. To this extent,

these subparagraphs seek damages simply for time the that the plaintiff was confined in either lock down or segregation. On the other hand, subparagraph (D) of paragraph 27 of the plaintiff's original complaint and subparagraph (A) of paragraph 10 of the plaintiff's amended complaint each request damages "for each right violated," which can reasonably be construed as requests for punitive damages[3], as provided for in the language of Mitchell, supra.

With the above in mind, the defendants' argument with respect to subparagraph (B) of paragraph 27 of the plaintiff's original complaint and subparagraph (C) of paragraph 10 of the plaintiff's amended complaint is well-taken. Our Circuit has held that §1997e(e) requires an inmate to allege a "less-than-significant-but-more-than-de minimus" physical injury as a predicate to allegations of emotional injury. Mitchell, 318 F.3d at 536. Moreover, other courts addressing the issue have held that physical symptoms caused by emotional distress are insufficient to satisfy the §1997e(e) requirement. See Martin v. Vermont Department of Corrections, 2005 WL 1278119, at *8 (D.Vt. 2005)(citing Alonzo v. Sgyres, 2002 WL 1880736 (N.D.Cal. 2002) (plaintiff taken to hospital for high blood pressure, brought on by "gruesome psycholog[ical] harassment[ ]" has not suffered a prior physical injury); Pinkston-Bey v. DeTella,

---

[3] Because of the amounts requested, it is apparent that the plaintiff is not seeking nominal damages in these subparagraphs. However, as in Mitchell, the court broadly construes the plaintiff's "catch-all" request for "any other relief this Honorable Court deems just" as a request for nominal damages. See Mitchell, 318 F.3d at 533 n.8.

1997 WL 158343, at *3 (N.D.Ill. Mar.31, 1997) (severe headaches are not physical injury); Tood v. Graves, 217 F.Supp.2d 958, 959-60 (S.D.Iowa 2002). Therefore, to this extent, the defendants' motion to strike should be granted.

The defendants further argue that the plaintiff's assertion of entitlement to unliquidated damages in specific amounts in his original and amended complaints are in violation of L.R. 8.1[4]. (Doc. No. 18, pp. 5-6).

Local Rule 8.1 provides in relevant part:

> The demand for judgment required in any pleading in any civil action pursuant to Fed.R.Civ.P.8(a)(3) may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved.

Thus, the defendants are correct that the plaintiff's claim for a specific amount of unliquidated damages is in violation of L.R. 8.1. The defendants' motion to strike should be granted to the extent that the plaintiff's assertion of a specific amount of unliquidated damages should be stricken. Again, however, given the plaintiff the deference he is due as a pro se litigant, he should be allowed to proceed, at this time, with his claim for punitive damages.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the plaintiff's claims for injunctive and/or declaratory relief be

---

[4]The defendants also argue that the plaintiff's assertion of entitlement to unliquidated should be stricken pursuant to L.R. 8.2, which applies to the filing of a statement with the court setting forth the amount of the demand on a claim for unliquidated damages when the court has determined that the amount claimed is relevant for purposes of the action. As the court has not made any such determination, this section is inapplicable for purposes of the instant action.

**DISMISSED FOR LACK OF STANDING**; and

**(2)** the defendants' motion to strike, **(Doc. No. 17)**, be **GRANTED IN PART AND DENIED IN PART** as set forth above.

        S/ Malachy E. Mannion
        **MALACHY E. MANNION**
        **United States Magistrate Judge**

**Date:** January 30, 2006

O:\shared\REPORTS\2005 Reports\05-0954.01.wpd